**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------X
JEWISHGEN, INC.,              :

           :

     Plaintiff,        :      Civil Action No.: 20-cv-1826

           :

v.                    :      **JURY TRIAL DEMANDED**

           :

FRIENDS OF JEWISHGEN, INC.,   :

d/b/a JEWISHGEN,          :

           :

     Defendant.     :

---------------------------------------------------X

## COMPLAINT

Plaintiff, JewishGen, Inc., ("JewishGen" or "Plaintiff") by and through its undersigned counsel, for its complaint against Friends of JewishGen, Inc., d/b/a JewishGen ("Friends of JG" or "Defendant"), alleges as follows:

## THE PARTIES

1.     Plaintiff JewishGen is a Texas not-for-profit corporation qualified to do business in New York State.  JewishGen's sole office and principal place of business is located at Edmund J. Safra Plaza, 36 Battery Place, New York, New York 10280.

2.     Upon information and belief, defendant Friends of JG is a California Nonprofit Public Benefit Corporation which was formed on December 20, 2019, whose stated purpose is "to raise funds and advocate for a tax-exempt Jewish genealogy entity", which, on information and belief, is Plaintiff.  Defendant's principal place of business is at 350 Sansome Street, 3rd Floor, San Francisco, California 94104.

## NATURE OF CLAIMS, JURISDICTION AND VENUE

3.     This action for monetary and injunctive relief arises under the Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a) for false designation of origin, federal unfair

competition and false advertising, and under the common law and statutory laws of the State of New York (New York General Business Law, Sections 349, 350 and 360-l).

4.      Jurisdiction of this Court is founded upon 15 U.S.C. Section 1125(a), and 28 U.S.C. Sections 1331, 1332(a)(1), and 1338 (a) and (b), and the pendent jurisdiction of this Court.  The Court has supplemental jurisdiction over the claims in this Complaint which arise under common law and state statutory law pursuant to 28 U.S.C. Section 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.      Personal jurisdiction over Defendant is proper pursuant to N.Y. C.P.L.R. § 302(a). Upon information and belief, Defendant has wrongfully caused injury to JewishGen in the State of New York and in this District and derives substantial revenue from interstate commerce.  In particular, without limitation and upon information and belief, since at least December 31, 2019, Defendant has infringed Plaintiff's service mark and trade name and has sought to fraudulently register Plaintiff's service mark and trade name in its own name, in an effort to divert the donation of charitable funds away from Plaintiff in New York.  Based on such conduct, Defendant expected or should reasonably have expected its acts to have consequences in New York.

6.      Venue is proper within this Judicial District under 28 U.S.C. Section 1391(b)(2), because a substantial part of the events and omissions giving rise to the claims occurred in this District and because Defendant is subject to personal jurisdiction in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### a.    Formation of Plaintiff and the services it offered.

7.      JewishGen was incorporated in 1996 for the purposes of: (i) the creation of a central computer-based repository for Jewish geneologial research information; (ii) related charitable and educational purposes; (iii) to stimulate monetary contributions, endowments, bequests and other donations or gifts; and (iv) generally to do all those things necessary or appropriate to carry out such purposes.

8.      JewishGen thereafter commenced operations and provided its services to the public under the distinctive service mark JEWISHGEN.  Its services were provided online, via a website located at www.jewishgen.org.

9.      The services offered at said website are designed to make Jewish genealogical research available to the general public.  To that end, the website offered online databases as well as a JewishGen Family Finder and JewishGen ShtetlSeeker.

### b.    Acquisition of Plaintiff by the "Museum of Jewish Heritage" and Continued Rendering of Services in Connection with the JewishGen Service Mark and Trade Name.

10.     Museum of Jewish Heritage: A Living Memorial to the Holocaust (hereinafter "Museum of Jewish Heritage") is a New York corporation incorporated under Section 216 of the New York Education Law.

11.     During 2003, Museum of Jewish Heritage acquired the membership interest of Ms. Susan King, the founder of JewishGen, which made Museum of Jewish Heritage the sole member of JewishGen.  All right, title and interest to all intellectual property remained owned by JewishGen, which included, inter alia, its trademarks, service marks, trade names, corporate names and domain names.  No JewishGen intellectual property was transferred to Museum of Jewish Heritage.

12.     Since the date JewishGen was acquired by the Museum of Jewish Heritage, JewishGen has operated as a separate entity and continued its operations in connection with the JewishGen service mark and trade name at the www.jewishgen.org website.  JewishGen presently offers access to more than 30 million genealogical records from multiple databases for Jewish genealogical research, which include regional and nation-specific databases, as well as a basic genealogy course, and discussion groups.  JewishGen's efforts are aided by more than 1000 volunteers.

13.     JewishGen has roughly one million users per year and has generated revenue in excess of $10,711,062 since its acquisition by Museum of Jewish Heritage.  It is the preeminent provider of online Jewish genealogical research services.

14.     As a result of long rendering of services in connection with its JEWISHGEN mark, the JEWISHGEN mark has become well and favorably known to the relevant purchasing public and is widely recognized by them as indicating the source or origin of JEWISHGGEN services.  Plaintiff has invested considerable resources in advertising and promoting its services under the distinctive JEWISHGEN service mark.

15.     Consequently, the JEWISHGEN trademark represents an extremely valuable goodwill of inestimable value.

     **c.**     **JewishGen's Past Trademark Registration.**

16.     JewishGen previously registered its JEWISHGEN service mark for "on-line information services relating to Jewish genealogical research" which was the subject of U.S. Registration No. 2156616.  The registration issued on the Principal Register on May 12, 1998 but was cancelled on February 14, 2009 due to the non-renewal of the registration.  The Principal Register is for marks that are inherently distinctive.

4817-6138-5910.1

**d.      Formation of Friends of JG and its Demand to Plaintiff.**

17.     On information and belief, Friends of JG was formed by prior Research Directors of, and longtime donors to, Plaintiff, and other volunteers to Plaintiff.

18.     On information and belief, at the time of Friends of JG's formation, all involved with Friends of JG were well aware of Plaintiff's use of the JEWISHGEN service mark and the JewishGen trade name, as well as the services Plaintiff offers on its website.

19.     In a letter dated January 20, 2020, and delivered to Plaintiff's Board of Directors in New York on January 21, 2020 ("Friends of JG's Letter"), counsel on behalf of Friends of JG asserted mismanagement of Plaintiff and demanded the transfer of Plaintiff to Friends of JG via an Assignment and Assumption Agreement, so that Friends of JG would own and operate Plaintiff.  Said transfer would, of necessity, include all of Plaintiff's intellectual property, including its service mark, trade name and domain name.  A true, accurate and correct copy of said letter is attached as Exhibit A.

20.     On February 5, 2020, Plaintiff responded by E-mail to Friends of JG's Letter asserting its "premises are flawed", its facts were "distorted" and that its insinuations are false. A true, accurate and correct copy of said E-mail is attached as Exhibit B.

21.     Plaintiff first learned about Friends of JG on January 21, 2020 when its Board of Directors in New York received Friends of JG's letter.

**e.      Friends of JG's Application to Federally Register JEWISHGEN and its False and Fraudulent Statements therein.**

22.     On December 31, 2019, Friends of JG applied to federally register JEWISHGEN for "information services relating to Jewish genealogical research." The application received Serial No. 88743547.

4817-6138-5910.1

23.     Friends of JG based its application on actual use of JEWISHGEN, asserting "at least as early as 12/31/2019" as a date of first use and a date of first use in interstate commerce.

24.     The specimen of use relied upon by Friends of JG in its trademark application is a letter dated December 31, 2019, the text of which is as follows:

Friends of JewishGen, Inc.
Dba /JewishGen
350 Sansome Street, 3rd Floor
San Francisco, CA 94104

December 31, 2019

Dear Friends,

2019 has been an exciting year for the work by JewishGen and its many volunteers.   Thousands of records have been discovered, translated, and made available for your research.

So that we may continue this important work to enhance Jewish family history, we need to cover the costs of acquiring documents and compensating translators.

Please donate generously to assure that the work continues.  You can make your check payable to Friends of JewishGen or JewishGen and mail it to:
PO Box 600, Vineburg, California 95487

Thank you for your vital participation in our work.

Sincerely,

*Phyllis G. Berenson*

Phyllis G. Berenson
President, Friends of JewishGen

A true, accurate and correct copy of said letter as downloaded from the United States Patent and Trademark Office website is attached as Exhibit C.  Upon information and belief, the specimen of use is representative of Defendant's interstate commercial advertisement and promotion and is distributed in connection with services relating to Jewish genealogical research to JewishGen's prospective and past donors who make up the relevant purchasing public.

25.    The JEWISHGEN trademark application was signed by Victor A. Gold, counsel of record for Defendant, on behalf of Defendant and in its name, stating that Defendant owns the JEWISHGEN trademark/service mark that was the subject of application Serial No. 88743547. Specifically, Defendant represented the following:

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

26.    The JEWISHGEN trademark application also contained the following text:

- To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.
- To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.
- The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

27.    The statements set forth in Paragraphs 25 and 26 above are false and material misrepresentations of fact which were fraudulently made to induce the U.S. Patent and Trademark Office to register JEWISHGEN in Defendant's name.  Defendant knew Plaintiff was the proper owner of the JEWISHGEN mark when it made the aforementioned false and material misrepresentations of fact in connection with the services set forth in Defendant's application. Likewise, Defendant knew that its unauthorized use of the JEWISHGEN service mark in its

commercial advertising was a false and material misrepresentation regarding the nature,

characteristics and qualities of Defendant's services and commercial activities, as being

associated with Plaintiff.   Defendant's statement concerning its discovery, translation and

provision of thousands of Jewish genealogical research records in connection with the

JEWISHGEN service mark is literally false.  This false statement is a material misrepresentation

of fact that is likely to deceive prospective and past donors of JewishGen, as well as customers of

Jewish genealogical research services, into believing that Defendant has provided the services

described in the specimen of use in connection with the JEWISHGEN service mark.

### AS AND FOR A FIRST CLAIM FOR RELIEF FOR VIOLATIONS OF PLAINTIFF'S RIGHTS UNDER SECTION 43(a)(1)(A) OF THE LANHAM ACT

28.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 27

above, as though fully set forth herein.

29.     This cause of action arises under Section 43(a)(1)(A) of the Lanham Act, 15

U.S.C. Section 1125(a)(1)(A).

30.     Defendant's unauthorized use of Plaintiff's JEWISHGEN service mark and trade

name in commerce falsely and misleadingly describes and/or associates Defendant with Plaintiff

and is likely to cause confusion, mistake or deception as to the affiliation, connection or

association with Plaintiff or as to the origin, sponsorship, or approval of its services, or

commercial activity.

31.     Defendant's activities, therefore, infringe upon Plaintiff's common law rights in

the JEWISHGEN service mark and trade name.

32.     Defendant also has passed itself off as Plaintiff in its use of JEWISHGEN and

thus has unfairly competed with Plaintiff.

4817-6138-5910.1

33.     Defendant will, on information and belief, continue to infringe upon Plaintiff's rights under Section 43(a) of the Lanham Act unless enjoined by this Court.

34.     Defendant's conduct has damaged Plaintiff and will, unless enjoined by the Court, further impair the value of Plaintiff's trade name, reputation, and goodwill.  This harm constitutes an irreparable injury for which Plaintiff has no adequate remedy at law.

### AS AND FOR A SECOND CLAIM FOR RELIEF FOR VIOLATIONS OF PLAINTIFF'S RIGHTS UNDER SECTION 43(a)(1)(B) OF THE LANHAM ACT

35.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 34 above, as though fully set forth herein.

36.     This cause of action arises under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. Section 1125(a)(1)(B).

37.     The use by Defendant of the JEWISHGEN service mark in interstate commerce in its commercial advertising or promotion constitutes false advertising as it misrepresents the nature, characteristics and qualities of Defendant's services and commercial activities, as being associated with Plaintiff.

38.     Defendant's unauthorized use of the JEWISHGEN service mark is material to consumers' purchasing and donation-based decisions and is likely to deceive consumers in a material way with respect to the services offered by Plaintiff and Defendant.

39.     Defendant's conduct has and is likely to continue to cause commercial injury to Plaintiff and will, unless enjoined by the Court, further impair the value of Plaintiff's trade name, reputation, and goodwill.  This harm constitutes an irreparable injury for which Plaintiff has no adequate remedy at law.

4817-6138-5910.1

### AS AND FOR A THIRD CLAIM FOR RELIEF FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER NEW YORK COMMON LAW

40.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 39 above, as though fully set forth herein.

41.     Defendant's unauthorized use of JEWISHGEN in connection with the services its activities infringes upon Plaintiff's common law rights in the JEWISHGEN service mark and trade name.

42.     Additionally, the labors and expenditures of Plaintiff have been misappropriated by Defendant which is likely to cause confusion among the purchasing public as to the origin of Defendant's services.

43.     By its use of the JEWISHGEN service mark, Defendant has arrogated to itself Plaintiff's goodwill in the JEWISHGEN service mark and has misappropriated Plaintiff's rights in said mark.

44.     Defendant will, on information and belief, continue to infringe upon Plaintiff's common law rights unless enjoined by this Court.

45.     Defendant's conduct has damaged Plaintiff and will, unless enjoined by the Court, further impair the value of Plaintiff's trade name, reputation, and goodwill.  This harm constitutes an irreparable injury for which Plaintiff has no adequate remedy at law.

### AS AND FOR A FOURTH CLAIM FOR RELIEF FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER SECTION 349 OF THE NEW YORK GENERAL BUSINESS LAW

46.     Plaintiff repeats and realleges paragraphs 1 through 45 above as though fully set forth herein.

47.     This cause of action arises under Section 349 of the New York General Business Law.

4817-6138-5910.1

48.     Defendant's use of Plaintiff's JEWISHGEN service mark and trade name are consumer-oriented.

49.     Defendant's willful and knowing unauthorized use of Plaintiff's JEWISHGEN service mark and trade name is misleading in a material way.

50.     Plaintiff is suffering injury as a result of Defendant's deceptive use of its JEWISHGEN service mark and trade name.

51.     By its acts, Defendant has engaged in a deceptive act or practice in the conduct of its business in New York State which is unlawful and to the harm of the public.  Given the unique nature of the services offered by Plaintiff, Defendant's acts result in a threat of injury to the public in connection with diversion of charitable donations and resources.

52.     Defendant will, on information and belief, continue to infringe upon Plaintiff's rights under Section 349 of the New York General Business Law unless enjoined by this Court, causing further irreparable injury to Plaintiff for which there is no adequate remedy at law.

### AS AND FOR A FIFTH CLAIM FOR RELIEF FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER SECTION 350 OF THE NEW YORK GENERAL BUSINESS LAW

53.     Plaintiff repeats and realleges paragraphs 1 through 52 above as though fully set forth herein.

54.     This cause of action arises under Section 350 of the New York General Business Law.

55.     By its acts, Defendant has engaged in false advertising in the conduct of its business, which is unlawful and to the harm of the public.  Given the unique nature of the services offered by Plaintiff, Defendant's acts result in a threat of injury to the public in connection with diversion of charitable donations and resources.

56.     Defendant's unauthorized use of the JEWISHGEN service mark is material to consumers' purchasing and donation-based decisions and is likely to deceive consumers in a material way with respect to the services offered by Plaintiff and Defendant.

57.     Plaintiff is suffering injury as a result of Defendant's deceptive and false advertising in connection with its JEWISHGEN service mark and trade name.

58.     Defendant will, on information and belief, continue to infringe upon Plaintiff's rights under Section 350 of the New York General Business Law unless enjoined by this Court, causing further irreparable injury to Plaintiff for which there is no adequate remedy at law.

### AS AND FOR A SIXTH CLAIM FOR RELIEF FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER SECTION 360-l OF THE NEW YORK GENERAL BUSINESS LAW

59.     Plaintiff repeats and realleges paragraphs 1 through 58 above as though fully set forth herein.

60.     This cause of action arises under Section 360-l of the New York General Business Law.

61.     Plaintiff's JEWISHGEN service mark is inherently distinctive and identifies the services of Plaintiff in the minds of consumers.

62.     Defendant's unauthorized use of the JEWISHGEN service mark for the rendering of its services is likely to dilute the distinctive quality of Plaintiff's JEWISHGEN service mark by blurring, the result of which is that Plaintiff's mark will lose its ability to service as a unique service identifier for Plaintiff.

63.     The aforementioned acts result in damage to Plaintiff and the substantial business and goodwill symbolized by its service mark in violation of New York General Business Law § 360-l.

-12-

64.     The aforementioned acts of trademark dilution have caused, and are causing, irreparable injury to Plaintiff.  Unless enjoined by the Court, Defendant will continue to dilute the strength of Plaintiff's JEWISHGEN service mark, causing further irreparable injury to Plaintiff for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands trial by jury on all issues so triable, and respectfully prays that this Court enter judgment against Defendant as follows:

A.      Preliminarily and permanently enjoining Defendant, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

1.      Using Plaintiff's JEWISHGEN service mark or any mark confusingly similar thereto, in connection with the distribution, advertising and/or offering of services;

2.      Using Plaintiff's JewishGen trade name of any name confusingly similar thereto, in connection with the distribution, advertising and/or offering of services;

3.      Committing any other act which falsely represents or which has the effect of falsely representing that the services of Defendant are affiliated with, connected with, offered by, created by, sponsored by, or in any other way associated with, Plaintiff;

4.      Otherwise infringing upon Plaintiff's common law JEWISHGEN service mark and JewishGen trade name;

5.      Unfairly competing with Plaintiff; and

6.      Diluting Plaintiff's JEWISHGEN service mark.

B.      Awarding actual damages suffered by Plaintiff as a result of Defendant's acts;

-13-

4817-6138-5910.1

C.      Awarding Plaintiff all of Defendant's profits and all damages sustained by Plaintiff as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

D.      Ordering an accounting by Defendant of all gains, profits and advantages derived from its wrongful acts;

E.      Ordering Defendant to disgorge its profits;

F.      Awarding punitive damages pursuant to New York law, in view of Defendant's intentional and willful trademark infringement and other conduct;

G.      Ordering Defendant to either cancel or transfer ownership of the JEWISHGEN trademark application Serial No. 88743547 to Plaintiff;

H.      Awarding Plaintiff's attorney's fees due the exceptional nature of Defendant's acts of infringement under 15 U.S.C. Section 1117(a);

I.      Awarding Plaintiff's applicable costs pursuant to 15 U.S.C. Section 1117(a); and

J.      That the Court award Plaintiff such other and further relief as it deems proper.

4817-6138-5910.1

Dated:   March 2, 2020                          **BAKER & HOSTETLER LLP**
         New York, New York


                                    By: s/ Robert B.G. Horowitz
                                        Robert B.G. Horowitz (RH 9667)
                                        rhorowitz@bakerlaw.com
                                        Jason S. Oliver (JO 1676)
                                        joliver@bakerlaw.com
                                        Kevin M. Wallace (KW 1284)
                                        kwallace@bakerlaw.com
                                        45 Rockefeller Plaza
                                        New York, New York 10111
                                        Tel: (212) 589-4200
                                        Fax: (212) 589-4201

                                        *Counsel for Plaintiff*
                                        *JewishGen, Inc.*